UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BOARD OF SUPERVISORS OF ALLEGHANY COUNTY,<br><br>    Plaintiff,<br><br>v.<br><br>DONNIE T.A.M. KERN,<br><br>    Defendant. | Civil Action No. 7:21-cv-00471<br><br>**ORDER**<br><br>By:  Hon. Thomas T. Cullen<br>        United States District Judge |

Defendant Donnie T.A.M. Kern filed a notice of removal in this case on August 24, 2021, which this court docketed under case number, 7:21-cv-00448. On September 7, 2021, finding no basis for federal subject-matter jurisdiction, this court remanded the case to the Circuit Court of Alleghany County. (Case No. 7:21-cv-00448, ECF No. 6.) This matter is now before the court on Kern's amended notice of removal. (ECF No. 1.)

Plaintiff Board of Supervisors of Alleghany County ("the Board") brought this lawsuit in the Circuit Court of Alleghany County under Virginia Code § 24.2-234, seeking to remove Kern as a member of the Alleghany County School Board. Kern's amended notice of removal asserts the same grounds for federal subject-matter jurisdiction as his prior notice of removal. Kern alleges that the Board's petition for his removal violated "Section 504 of the Rehabilitation Act, Title VI of the Civil Rights Act of 1964, U.S. Constitution Amendment I, U.S. Constitution Amendment VIII, Constitution Amendment XIV, 42 U.S.C. § 1983 [and] § 1985." (ECF No. 1, at 3.)

In support of his assertion that this court has jurisdiction, Kern references a case

removed to this court in 2007, *Jackson v. Alleghany County*, No. 7:07cv00417, 2009 WL 2355268 (W.D. Va. July 30, 2009). In that case, Plaintiff Jeanne Jackson filed a lawsuit against the Alleghany County Board of Supervisors in circuit court alleging the Board violated her constitutional rights when it terminated her from her position in the Office of the Alleghany County Administrator. *Id.* at *1. The Board removed the case to this court where it eventually prevailed on summary judgment. *Id.*

Notably, in that case, Jackson was the *plaintiff* filing her own lawsuit against the Board alleging violations of federal law. The disputed federal questions in that case appeared on "the face of the plaintiff's properly pleaded complaint." *See Verizon Md., Inc. v. Global NAPS, Inc.*, 377 F.3d 355, 363 (4th Cir. 2004). Based on these federal claims on the face of her complaint, Jackson could have originally filed suit in federal court. *See Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 754 (4th Cir. 1996) (citing 28 U.S.C. § 1441) ("A defendant may remove any action from a state court to a federal court if the action could have originally been brought in federal court.")

In contrast, Kern is the *defendant* in the present case. The Board filed this lawsuit against him in circuit court based solely on a state-law statute, Virginia Code § 24.2-234. No federal questions are presented in the complaint. As discussed in the court's prior order, Kern and the Board are both citizens of Virginia, so diversity jurisdiction is not present. *See* 28 U.S.C. § 1332(a)(1). In sum, no basis for federal subject-matter jurisdiction appears on the face of the Board's properly pleaded complaint, and the Board could not have originally brought that action in federal court. Kern cannot create federal question jurisdiction with his notice of removal simply by raising a federal counterclaim. *See Holmes Grp., Inc. v. Vornado Air Circulation*

*Sys.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for [federal question] jurisdiction.")

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). For these reasons, the court finds that it lacks subject matter jurisdiction, and must remand the case once again. It is hereby **ORDERED** that this matter is **REMANDED** to the Circuit Court of Alleghany County for all future proceedings. The Clerk is directed to forward a copy of this Order to all counsel of record.

**ENTERED** this 13th day of September, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE